

JAN - 9 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AIDA L. ZIADEH,

        Petitioner,

                          Civil Action No. 3:06CV386

        v.

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION

This matter is before the Court on Aida L. Ziadeh's MOTION TO REVISE CONSENT ORDER AND RESTITUTION ORDER (Docket No. 64). The Court has reviewed motion, the government's response, and the Petitioner's reply, and this matter is ripe. The Court finds that the decision-making process would not be aided by oral argument.

As the government correctly notes, this is the latest installment in a long history of actions challenging some aspect of the conviction of Joseph Ziadeh, the Petitioner's husband, which resulted from his guilty pleas. The procedural history of the actions respecting the Ziadehs is as follows:

On August 21, 2002, Joseph Ziadeh and Aida Ziadeh were indicted in a twenty-count indictment in Criminal Case No. 3:02CR273. The matter was set for trial to begin on January 7, 2003. On December 20, 2002, a criminal information was filed,

1

along with a statement of facts and a plea agreement, and Joseph Ziadeh waived indictment and pled guilty to two charges, bank fraud and conspiracy. As part of the agreement, the parties agreed that the charges against Aida Ziadeh would be dismissed. In his plea agreement, Joseph Ziadeh agreed to pay full restitution "as determined by the Court." On April 24, 2003, Joseph Ziadeh was sentenced, and the Court ordered the government to submit a proposed restitution order listing victims, addresses, and loss amounts. The government did so, and Joseph Ziadeh filed objections to the government's proposed restitution order on May 29 and June 4, 2003. On June 10, 2003, the Court entered a Final Restitution Order ("Final Restitution Order," Docket No. 41, Criminal Case No. 3:02CR273) that required Joseph Ziadeh and his spouse, Aida Ziadeh, to deliver to the United States within thirty days a promissory note in the amount of $894,161.48 secured by real estate. The Final Restitution Order was made part of the Judgment in Criminal Case No. 3:02CR273.

Paragraph 3 of the plea agreement also included an almost identical provision: "The defendant agrees that within thirty days after sentencing in this case, the defendant and the defendant's spouse, Aida L. Ziadeh, will make and deliver a note payable to the United States of America in the full amount of restitution ordered by the Court (the "Note") secured by a properly recorded Deed of Trust in real property owned by the

2

defendant and the defendant's spouse, Aida L. Ziadeh, whether individually or jointly held (the "Property") with equity equal to the amount of restitution ordered." (Plea Agreement, Docket No. 24, Criminal Case No. 3:02CR273.)

On June 19, 2003, Joseph Ziadeh appealed the Final Restitution Order to the United States Court of Appeals for the Fourth Circuit. By unpublished opinion dated July 19, 2004, the Fourth Circuit affirmed the district court's decision as to restitution. A petition for rehearing was denied. The Fourth Circuit stated in the opinion: "In sum, Appellant stipulated that the fraudulent conduct to which he pled guilty had resulted in losses totaling $995,742, an amount for which he agreed to pay 'full restitution' under the terms of the plea agreement." United States v. Ziadeh, 104 F. App'x 869, 875, 2004 WL 1598781, at *5 (4th Cir. 2004). The Fourth Circuit explained:

> However, when the government prepared its recommended restitution order, it traced only $748,419.48 to subcontractors in addition to the $145,742 check cashed by Appellant and his wife. Thus, the total amount of restitution recommended, and eventually ordered by the district court, totaled $894,161.48, a sum $101,580.52 *less* than the amount for which Joseph Ziadeh stipulated that he was responsible. In this light, we cannot conclude that the district court abused its discretion by failing to hold an evidentiary hearing, nor can we conclude that it committed a clear legal error in determining the restitution amount.

Id.

3

Thereafter, Joseph Ziadeh submitted a Section 2255 motion to the Court, and it was filed on March 28, 2005. On July 13, 2005, by Memorandum Opinion and Order, the Court denied Joseph Ziadeh's Section 2255 motion. He appealed this decision and, on March 31, 2006, the Fourth Circuit affirmed the district court's decision that denied the Section 2255 motion.

On June 23, 2005, the Court found Joseph Ziadeh to be in civil contempt for his failure to comply with the Court's June 10, 2003 Final Restitution Order. The Court directed the Bureau of Prisons to toll the running of the defendant's sentence until he purged himself of the contempt by complying with the Final Restitution Order. The civil contempt was resolved in 2007 when the parties agreed that Ziadeh had substantially complied with the Final Restitution Order by executing a promissory note and a deed of trust to secure the note. Accordingly, the Court granted Ziadeh's motion to purge his civil contempt. However, as explained in the March 23, 2007 Order, noting Ziadeh's many efforts to evade the Final Restitution Order, the Court denied Ziadeh's request that the Bureau of Prisons award credit toward the defendant's sentence for the period of time he was in custody from June 23, 2005 until February 8, 2007. This resulted in Ziadeh serving approximately nineteen months in prison as a result of his civil contempt, in addition to the thirty-seven-month criminal sentence imposed by the Court.

4

Joseph Ziadeh has filed numerous other motions challenging his conviction and the requirement that he pay restitution, including a motion for temporary injunction and/or motion to stay execution of the judgment and others. The Court of Appeals consolidated two of Joseph Ziadeh's appeals on September 29, 2005 and two others on October 6, 2005. In the fall of 2005, Joseph Ziadeh filed eight additional motions. These were also denied by the Court and appealed by Joseph Ziadeh to the Court of Appeals, which denied the appeals. In March and April 2006, additional motions filed by Joseph Ziadeh and Aida Ziadeh were denied by the Court. Motions for reconsideration and appeals followed, all of which were denied.

Ziadeh continued to file motions. On June 14, 2007, Joseph Ziadeh filed a motion for relief. By Final Order issued on July 13, 2007, the Court denied that motion. In December 2007, Joseph Ziadeh submitted a motion entitled "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651," which was determined by the Court to be a successive, unauthorized 28 U.S.C. § 2255 motion. Joseph Ziadeh appealed, and the Court of Appeals denied a certificate of appealability and dismissed the appeal on March 31, 2008. Other motions and appeals by Joseph Ziadeh followed. See Docket Nos. 136, 137, 141, 145, 146, 151, 156, 158, 178, 185, 188, and others in Criminal Case No. 3:02CR273.

The United States contends that the present motion was

"obviously drafted by Joseph Ziadeh who, when it suits his purposes, convinces his wife to bring actions in her name or sign documents he prepares, though it is clear that Joseph Ziadeh is the real party in interest here." (Docket No. 66, at 1.)   This civil action, 3:06CV386, was originally brought by Aida Ziadeh in 2006 as a quiet title action while Joseph Ziadeh was incarcerated.   The civil action was resolved by a Consent Order entered on January 24, 2007 which entered a judgment against Aida Ziadeh in the amount of $894,161.48, the same amount ordered as restitution in the Final Restitution Order, plus interest. Thereafter, the Court denied motions filed by Aida Ziadeh in December 2007, and the Court's decisions were affirmed by the Fourth Circuit. (Docket Nos. 60, 61, & 63 in 3:06CV386.) Regardless of who filed the instant motion, it is stated in the reply that Joseph and Aida Ziadeh have worked in a "collaborated [sic] effort to secure justice." (Reply, Docket No. 68, at 4.)

The instant motion is a recitation of the same arguments that Joseph and Aida Ziadeh have made for more than ten years, claiming that no restitution is owed. These arguments have been heard and rejected many times, by this Court and by the Fourth Circuit, and they are without merit. Although styled as a motion, the document filed at Docket No. 64 may actually be a new complaint against the United States. But, most significantly, Aida Ziadeh cites no jurisdictional basis for the motion or a new

suit, and the Court is aware of none.  A litigant may not simply file a motion in a closed case seeking relief years after the case was closed.

An order to pay restitution is part of the criminal sentence, United States v. Cohen, 459 F.3d 490, 496 (4th Cir. 2006), and there is no inherent authority for a court to modify a criminal sentence, including an order of restitution, years after the sentence was imposed or the order was issued. "The law closely guards the finality of criminal sentences against judicial 'change of heart.'" United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010)(quoting United States v. Layman, 116 F.3d 105, 109 (4th Cir. 1997)).  In that regard, the Fourth Circuit has held that "there is no 'inherent authority' for a district court to modify a sentence as it pleases." Id., 596 F.3d at 235 (quoting United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009)).

In addition the Court "cannot remit a mandatorily imposed restitution order." United States v. Roper, 462 F.3d 336, 339 (4th Cir. 2006).  "The MVRA (Mandatory Victims Restitution Act of 1996) does not explicitly give district courts the authority to remit a restitution order imposed thereunder," and the case law further supports this conclusion. Id. at 338-39.

Pursuant to the MVRA, "the scheme Congress has set up regarding the issuance and modification of criminal restitution

7

orders is detailed and extensive. Indeed, the MVRA specifically addresses the finality of sentences that include a restitution order." <u>United States v. Grant</u>, 715 F.3d 552, 557 (4th Cir. 2013). Title 18, United States Code, § 3664(o) lists the ways a sentence can be corrected, appealed and modified, amended, or adjusted, but none of those provisions apply in this case. <u>Id.</u> at 557 (explaining the enumerated exceptions).

Accordingly, for these reasons, the Court concludes that it has no jurisdiction to consider the motion, and the motion will be denied for lack of subject matter jurisdiction.

Even assuming *arguendo* that the Court has subject matter jurisdiction to consider the instant motion, the motion would be barred by the doctrines of collateral estoppel and res judicata. "Collateral estoppel and res judicata are jurisprudential rules that promote fairness to the parties, sound judicial administration, and codify the principle that litigation must eventually come to an end by preventing re-litigation of settled issues or claims." <u>Nattah v. Bush</u>, 770 F. Supp. 2d 193, 200 (D.D.C. 2011). In fact, the reply filed herein admits that this motion offers "the same argument and documentation," because, the Ziadehs argue, "the truth does not change." (Reply, Docket No. 68, at 2.) The reply also states that "the false claims on which the restitution amount was increased has been the only issue raised in the instant Motion <u>and all the prior filings</u>." (<u>Id.</u>

8

(emphasis added)). Thus, the doctrines of res judicata and collateral estoppel bar the motion.

Finally, even if (1) the Court has the authority to consider the motion and (2) the motion is not barred by res judicata or collateral estoppel, if the motion is construed as a motion pursuant to Federal Rule of Civil Procedure 60(b), it must still be denied as both untimely and as "an inappropriate substitute for an appeal." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011). The motion was not filed within the time a Rule 60(b) motion must be filed; for Rule 60(b)(1)-(3), the requirement is that the motion must be filed no more than a year after entry of the judgment or order or the date of the proceeding, and for Rule 60(b)(4)-(6), the requirement is that the motion must be filed within a reasonable time. Almost ten years after entry of the Final Restitution Order entered on June 10, 2003 in Criminal Case No. 3:02CR273 and more than five years after entry of the Consent Order entered on January 24, 2007 in Civil Action No. 3:06CV386 is not "within a reasonable time."

For all of these reasons, the motion will be denied.

It is so ORDERED.


Richmond, Virginia                    _____/s/_____ _____
Date: January 9, 2014                 Robert E. Payne
                                      Senior United States District Judge


9